IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABDUL IDEEN,<br>        Petitioner,<br><br>        vs.<br><br>SUPERINTENDENT LOUIS FOLINO,<br><br>        Respondent. | Civil Action No. 05-1281<br>Judge David S. Cercone<br>Magistrate Judge Francis<br>X. Caiazza |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that this action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. § 2241(d).

**II. REPORT**

The Petitioner, Abdul Ideen ("the Petitioner" or "Ideen"), filed this federal habeas corpus petition pursuant to the provisions of 28 U.S.C. § 2254, challenging his criminal convictions imposed by the Court of Common Pleas of Philadelphia County, Pennsylvania on November 9, 1995. Ideen is incarcerated in this district although his conviction was obtained in the Court of Common Pleas of Philadelphia County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

Under 28 U.S.C. § 2241(d), the Petitioner's application could have been filed either in this district, which is the site

of his present custody, or in the Eastern District of Pennsylvania, the district in which he was convicted.

The proper filing of a habeas corpus petition is governed by the provisions of the federal habeas corpus statute at 28 U.S.C. § 2241(d), which provides as follows:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

In addition, Section 1404 of Title 28 grants district courts discretion to transfer cases to any other district where the action may have been commenced.

The United States District Court for the Eastern District of Pennsylvania has jurisdiction over the county in which the state court records are located. It is also the district in which Ideen was prosecuted, the district in which his state counsel practices law and the site of any relevant witnesses. That said, a federal court must review the entire state court record when reviewing a petition for a writ of habeas corpus to determine whether the

petitioner has exhausted his state court remedies and whether he has committed a procedural default, which might bar a federal review of his claims. *See* <u>Brown v. Cuyler</u>, 669 F.2d 155, 158 (3d Cir. 1982)(when the state court opinions are silent, "we examine the pretrial, trial and appellate briefs submitted to the state court").

Ideen was convicted and sentenced in Philadelphia County. Accordingly, all of the records necessary to appropriately dispose of this case are located in Philadelphia County. In addition, it is likely that any potential witnesses are located in Philadelphia County, which, again, is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district in which a petitioner was convicted in state court. For these reasons, it is recommended that this action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 2241(d) and 28 U.S.C. § 1404.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

                                                /s/ Francis X. Caiazza
FRANCIS X. CAIAZZA
UNITED STATES MAGISTRATE JUDGE

Dated:     January 23, 2006

cc:        David S. Cercone
           United States District Judge

           Abdul Ideen, CW-6127
           SCI Greensburg
           RD #10, Box 10
           Route 119 South
           Greensburg, PA 15601